## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL TROLLINGER,      :
     :
        Plaintiff      :      CIVIL ACTION NO. 3:16-CV-2274
     :
        v.      :      (Judge Nealon)
     :
TAMMY FERGUSON,      :
     :
        Defendants      :

## MEMORANDUM

Petitioner, an inmate confined in the Benner State Correctional Institution, Bellefonte, ("SCI-Benner"), Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1, petition). Petitioner challenges a judgment of sentenced imposed by the Dauphin County Court of Common Pleas. Id. For the reasons set forth below, the petition will be dismissed as untimely. See 28 U.S.C. §2244(d).

## I. Background

The following background has been extracted from the Pennsylvania Superior Court's October 27, 2015 Opinion affirming the dismissal of Trollinger's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq., ("PCRA"):

> Appellant, Michael W. Trollinger, appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant pled guilty pursuant to a negotiated agreement on February 5, 2013, to seven counts of possession of a controlled substance with intent to deliver ("PWID") and one count of possession of a prohibited firearm. The Commonwealth summarized the factual basis of the plea as follows:

[O]n December 9, 2010, the defendant delivered $300 [worth] of cocaine to a confidential informant near Penn and Wisconsin Streets in the City of Harrisburg. The crack cocaine weighed over two grams. I believe it was 2.2 grams.

Count 2 alleged that on January 5th, 2011, the defendant delivered $400 worth of cocaine to a confidential informant near Green and Radnor Streets in the City of Harrisburg. The cocaine weighted 3.5 grams.

At Count 3, on August 18th, 2011, the defendant delivered $400 worth of marijuana, namely 4.3 grams, to a confidential informant at Penn Street and Wisconsin Street in the City of Harrisburg.

At Count 4, on September 27th, 2011, the defendant delivered $300 worth of cocaine, which was three grams, to a confidential informant near Green and Schuylkill Streets in the City of Harrisburg.

Count 5, between the dates of December 9, 2010, and September 29th, 2011, the defendant utilized a cell phone to commit the crime of unlawful delivery of a controlled substance. In other words, the cell phone was utilized to set up the drug deals.

At Count 6, on September 29, 2011, the defendant was found in possession of a substantial amount of marijuana. I believe there was over 100 grams of marijuana as well as plants. That marijuana was possessed with the intent to deliver it to another person.

At Count 7, the defendant was also in possession of cocaine. I believe it was over 100 grams of cocaine that was in his possession. I believe it was in his house. What happened, on September 29th, there was a search warrant executed on his home and a substantial amount of weed as well as cocaine as well as scales and baggies were found in addition to $25,000.

Count 8. Count 8 is withdrawn.

Count 9. When thy executed the search warrant on September 29th, 2011 –

> Just to be clear, Count 9 was amended on the criminal information.

> > --the defendant was in possession in his home of three handguns; a Taurus .40 caliber handgun, a Mossberg 12 gauge shotgun, an Intratec .22 caliber handgun.

 N.T. (Guilty Plea), 2/5/13, at 4-5.

On April 1, 2013, the trial court sentenced Appellant in accordance with the plea agreement to an aggregate term of imprisonment of eight to sixteen years. The sentence imposed was as follows:

**AND NOW**, this 1st day of April 2013, at Count 1, we sentence the defendant to 3 to 6 years in state prison, a fine of $50, plus costs; Count 2, we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 3 we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 4 we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 5 we sentence the defendant 1 to 2 years, a fine of $25, plus costs; at Count 6 we sentence the defendant to 5 to 10 years, a fine of $50, plus costs; at Count 7 we sentence the defendant to 8 to 16 years, a fine of $50, plus costs; and at Count 9, we sentence the defendant to 5 to 10 years.

All sentences will run concurrently to one another, so the defendant has an aggregate sentence of 8 to 16 years.

Order, 4/1/13, at 1. Appellant did not file a post-sentence motion or an appeal from the judgment of sentence.

On September 18, 2014, Appellant filed a *pro se* PCRA petition. On September 24, 2014, the PCRA court appointed counsel, who filed a supplemental petition on December 1, 2014. On February 12, 2015, the PCRA court issued notice of its intent to dismiss Appellant's petition. The PCRA court dismissed the petition on March 10, 2015, and Appellant filed this timely appeal on March 30, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue on appeal:

I. WHETHER THE SENTENCE THE APPELLANT RECEIVED WAS ILLEGAL?

Appellant's Brief at 5. Appellant asserts that his sentence was illegal based upon **Alleyne v. United States**, \_\_\_\_ U.S. \_\_\_\_, 133 S.Ct. 2151 (2013), and **Commonwealth v. Newman**, 99 A.2d 86 (Pa. Super. 2014) (*en banc*).[1] Appellant asserted to the PCRA court and maintains here that his mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1[2] is illegal because section 9712.1 is unconstitutional.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in light most favorable to the

---

[1] Appellant's additional reliance on **Commonwealth v. Hughes**, 2478 EDA 2013, -\_\_\_\_A.3d\_\_\_\_ (Pa. Super. Filed March 18, 2015), **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), and **Commonwealth v. Ferguson**, 107 A.3d 206 (Pa. Super. 2015), is misplaced as these cases are appeals from the judgment of sentence and do not involve the jurisdictional considerations of the PCRA.

[2] That section provided for mandatory minimum sentences for certain drug offenses committed with firearms.

4

prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)).

Appellant's issue is not waived because challenges to the legality of a sentence cannot be waived. **Commonwealth v. Miller**, 102 A.3d 988, 996 (Pa. Super. 2014) (**Alleyne** challenge to legality of sentence is "not technically waivable"). However, the issue is untimely because Appellant raised it for the first time more than one year after his judgment of sentence became final, and he has not asserted and provide one of the PCRA's enumerated exceptions. As a result, we lack jurisdiction to review it. 42 Pa.C.S. § 9545(b).

A PCRA petition must be filed within one year of the date that the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at

the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that Appellant's judgment of sentence became final on May 1, 2013, thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, a timely PCRA petition had to have been filed by May 1, 2014. Appellant did not file the instant PCRA petition until September 18, 2014. Thus, Appellant's PCRA petition underlying the instant appeal is patently untimely.

(Doc. 11-1 Pennsylvania Superior Court Opinion at 2-7).

By Memorandum Opinion dated October 27, 2015, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of Trollinger's PCRA petition as untimely. Id. Trollinger filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on August 10, 2016. (Doc. 11-1 at 13, Order).

On November 10, 2016, Trollinger filed the instant the instant petition for writ of habeas corpus. (Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Brooks that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or

withdraw his petition and file one all-inclusive § 2254 petition within the one-year

statutory period prescribed by the Antiterrorism Effective Death Penalty Act

("AEDPA"). (Doc. 4). On January 17, 2007, Trollinger returned the notice of

election form, indicating that he wished to proceed with his amended petition for

writ of habeas corpus. (Doc. 5). Thus, a Show Cause Order was issued on January

30, 2017. (Doc. 6). On March 15, 2017, the District Attorney of Dauphin County

filed a response to the petition. (Doc. 11). No traverse has been filed.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

established a one-year statute of limitations for the filing of federal habeas corpus

petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). The statute also

prescribes how the one-year limitation period is calculated, including the date on

which the limitation period begins, id. § 2244(d)(1), and the circumstances under

which the limitation period may be tolled, id. § 2244(d)(2).

### A.     Calculation of the Applicable Limitation Period

Under the AEDPA, a state prisoner generally must file any federal habeas

corpus petition within one (1) year of the date that his conviction "became final by

the conclusion of direct review or the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct

review of his conviction all the way to the Supreme Court of the United States, his

conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Here, Trollinger was sentenced on April 1, 2013. Because Trollinger did not file a direct appeal to the Superior Court of Pennsylvania, his conviction became final thirty days later on May 1, 2013. See Pa. R. Crim. P. 720(A)(3) (permitting thirty (30) days after imposition of sentence to file a notice of appeal where the defendant has not filed a timely post-sentence motion).

Thus, absent any applicable tolling period, Trollinger had until May 1, 2014, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed more than two years later, on November 10, 2016.

B.      **Statutory Tolling**

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Trollinger did not file a timely PCRA petition, as his PCRA petition was filed on September 18, 2014, more than six months after the AEDPA limitations period had expired. Thus, the limitation period was not tolled, as "a state court petition ... that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." Danner v. Cameron, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (brackets in

original) (quoting <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333 (11th Cir. 2001)); <u>see also</u> <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir. 2005); <u>Sorce v. Artuz</u>, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

### C.     <u>Equitable Tolling</u>

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations.  <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." <u>Id</u>. at 649 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).  The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling.  <u>Pace</u>, 544 U.S. at 418.

Trollinger has failed to allege any facts or circumstances to establish that some extraordinary circumstance stood in the way of his timely filing of the instant petition, or that he has been pursuing his rights diligently.  Accordingly, Trollinger has failed to demonstrate that he is entitled to any period of equitable tolling.

**D.**     <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**III.**     <u>Conclusion</u>

For the reasons discussed, the petition for writ of habeas corpus will be dismissed as untimely.

A separate Order will be issued.


Dated: May 23, 2017                      /s/ William J. Nealon
                                                **United States District Judge**